**FILED**
**Oct 28, 2020**
**09:56 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT GRAY

| | | |
|---|---|---|
| **CHARLES HURD,** | ) | **Docket Number: 2019-02-0414** |
| **Employee,** | ) | |
| **v.** | ) | |
| **AERUS, LLC,** | ) | **State File Number: 61567-2019** |
| **Employer,** | ) | |
| **and** | ) | |
| **ACCIDENT FUND INSURANCE** | ) | **Judge Brian K. Addington** |
| **COMPANY OF AMERICA,** | ) | |
| **Insurance Carrier.** | ) | |

---

### EXPEDITED HEARING ORDER

---

The Court held an expedited hearing on October 23, 2020, to determine whether Charles Hurd is entitled to medical benefits for mold exposure at work. After reviewing the testimony and evidence submitted, the Court finds Mr. Hurd is not entitled to medical benefits at this time.

### History of Claim

Mr. Hurd worked for Aerus, LLC, as a service manager at the Kingsport, Tennessee location. Through the years, Mr. Hurd, a chronic smoker, suffered with COPD and allergic rhinitis. He sought treatment for these conditions with his primary care providers and occasionally complained about allergy-like symptoms to his manager, although he missed no work.

Aerus informed Mr. Hurd in the fall of 2018 that it was closing the Kingsport office. Before its closure, he and his manager noticed mold in the building. Later testing showed elevated mold spores in part of the building. Mr. Hurd last worked on October 1, 2018.

Mr. Hurd continued to have allergy-like symptoms after his job ended, so he began treatment with Dr. Marke Pienkowski, an allergy specialist, in January 2019. He complained of allergy symptoms and significant mold exposure at work. Dr. Pienkowski diagnosed asthma, allergic rhinitis to pollen and pet dander, and food allergies. He started

1

Mr. Hurd on a series of injections. Dr. Pienkowski did not relate any of his symptoms to his work.

Mr. Hurd's condition did not improve to his satisfaction, so he reported an injury to Aerus on August 23, 2019. Aerus initially provided him a panel of physicians but then denied his claim for lack of notice and proof of a work injury. Mr. Hurd never saw a panel physician and filed a Petition for Benefit Determination in response to Aerus's denial.

As part of its investigation, Aerus retained Environmental Specialist Jariod Mattert to review Mr. Hurd's claim. He determined there was no way to tell whether the mold level at Mr. Hurd's work was elevated above outside levels because Mr. Hurd's late report of injury kept Aerus from doing simultaneous sampling.

Aerus also asked Dr. Steve Kraman to review Mr. Hurd's medical records. Dr. Kraman determined that it was not clear from which condition Mr. Hurd suffered, but even if mold aggravated his existing conditions, his symptoms would have resolved once he was no longer exposed to mold at work.

Mr. Hurd requested past and future medical benefits. Aerus asked the Court to deny his request because he failed to give proper notice of his injury and no physician linked his need for medical treatment to his work.

### Findings of Fact and Conclusions of Law

Mr. Hurd must show that he is likely to prevail at a hearing on the merits regarding whether he is entitled to medical benefits and payment of past medical benefits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

It is unclear to the Court whether Mr. Hurd is alleging a new injury or aggravation of a pre-existing condition. Regardless, he must submit proof that his injury or aggravation arose primarily out of and in the course and scope of his work. *See* Tenn. Code Ann. § 50-6-102(14)(A).

However, Mr. Hurd did not present any medical opinion showing that he suffered an injury or an aggravation of a pre-existing condition that primarily arose from his work. Rather, Aerus provided the only expert opinions on this issue and those experts concluded that Mr. Hurd's condition could not be linked to his work or would be resolved by now. Therefore, the Court must hold that Mr. Hurd is unlikely to prevail at a hearing on the merits, and his request for medical benefits is denied at this time.

**IT IS, THEREFORE, ORDERED as follows:**

1. Mr. Hurd's request for medical benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on November 19, 2020, at 10:30 a.m. Eastern Time. The parties must call **855-543-5044** toll-free to participate in the hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED October 28, 2020.**


_/s/ Brian K. Addington_
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**


## APPENDIX

Exhibits

1. Affidavit of Mr. Hurd
2. First Report of Injury
3. Wage Statement
4. Employee's Choice of Physician
5. Notice of Denial of Claim for Compensation
6. Certificate of Mold Analysis (Pro Lab)
7. Photographs and statements filed by Mr. Hurd on 5/18/20
8. Photographs (filed by Mr. Hurd on 5/18/20 not included in Employer's compilation)
9. Email correspondence filed by Mr. Hurd
10. Statement of Pamela Hurd
11. Statement of Rebecca Carter
12. Declaration of Jariod Mattert
13. Statements filed by Mr. Hurd on 5/18/20
14. Providence Medical Clinic (Records not included in Employer's compilation)
15. Bristol Regional Medical Center (12/20/16 and 12/28/16)
16. Employer's Compilation of Exhibits for Expedited Hearing (filed 5/20/2020)
17. Collective Exhibits filed by Mr. Hurd on 10/15/20 (Identification Purposes Only)

Technical Record

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employers Position Statement for Expedited Hearing
5. ER's Witness and Exhibit List
6. Motion for Scheduling Hearing
7. EE's Response to Motion for Scheduling Hearing
8. Motion in Limine to Exclude Irrelevant and Untimely Evidence

## CERTIFICATE OF SERVICE

I certify a copy of this Order was sent on October 28, 2020.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Charles Hurd, Employee | X | | X | 2124 Faulk Ln. Kingsport, TN 37660 tngrandmawof3@gmail.com |
| Jennifer White and Stephen Stovall, Employer's Attorneys | | | X | jennifer.white@petersonwhite.com stephen.stovall@petersonwhite.com |

_____
PENNY SHRUM, COURT CLERK
wc.courtclerk@tn.gov



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____ .

_____
*[Signature of appellant or attorney for appellant]*